16-969-cv
*Dickens v. Hudson Sheraton Corp., et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand and seventeen.

Present:
        PETER W. HALL,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
           *Circuit Judges.*

---

ERNEST DICKENS,

        *Plaintiff-Appellant,*

        v.                                    16-969-cv

HUDSON SHERATON CORPORATION LLC, TOM MITUZAS, ORLANDO TRINIDAD, GEOFFREY HORNER,

        *Defendants-Appellees,*

JOURDAIN FRANCOIS,

        *Defendant.*

---

For Appellant:        AMBROSE W. WOTORSON, New York, New York.

For Appellees:        ALFRED N. METZ, Norris McLaughlin & Marcus, P.A., New York, New York.

1

16-969-cv
*Dickens v. Hudson Sheraton Corp., et al.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Peck, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ernest Dickens appeals a grant of summary judgment in favor of Defendants-Appellees on Dickens's discrimination and retaliation claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1981. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

We review a grant of summary judgment *de novo*, viewing the record in the light most favorable to the nonmovant and drawing all reasonable inferences in his favor. *Gallo v. Prudential Residential Servs., Ltd.*, 22 F.3d 1219, 1223–24 (2d Cir. 1994). Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Although Dickens's complaint asserted a number of discrimination claims, on appeal he challenges the district court's award of summary judgment only with respect to his retaliation claims. Accordingly, we deem the discrimination claims abandoned. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001).

2

Section 704(a) of Title VII makes it unlawful for an employer to retaliate against an individual either "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a); *Townsend v. Benjamin Enterprises, Inc.*, 679 F.3d 41, 48 (2d Cir. 2012). In order to state a prima facie case of retaliation, a plaintiff must show that (1) she engaged in protected activity; (2) the defendant knew of this protected activity; (3) she suffered an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. *Littlejohn v. City of New York*, 795 F.3d 297, 315–16 (2d Cir. 2015).

Dickens contends that he was retaliated against for his participation in a union-sponsored November 2013 meeting in which he "was attempting to oppose what he reasonably viewed as on-going discrimination," Appellant's Br. at 17, which he asserts constitutes protected activity under Title VII. He argues that Mituzas's "intimidation and threatening behavior" at that meeting and Dickens subsequently being denied bartending shifts were the adverse employment action. *Id.* at 18–20. We disagree.

It is well-established that a plaintiff sustains an adverse employment action if he or she endures a "materially adverse change" in the terms and conditions of employment. *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). To be "materially adverse" a change in working conditions must be "more disruptive than

a mere inconvenience or an alteration of job responsibilities." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015). For example, "[a] materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities or other indices . . . unique to a particular situation," may constitute an adverse employment action. *Id.*

The anti-retaliation provisions of federal discrimination laws do contemplate that conduct that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination" may be a materially adverse action against a worker. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). But this "refers to *material* adversity to separate significant from trivial harms" because "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id.*

Mituzas's alleged outburst at the November 2013 meet did not constitute a material adversity to Dickens, because it did not concern or affect Dickens's employment status. Nor did it reach the level of dissuading a reasonable worker from making a complaint. It therefore cannot amount to an adverse employment action. Furthermore, although Dickens charges that he was denied bartending shifts after the meeting, he has alleged no connection between the November 2013 meeting and later denials of bartending shifts. Though a plaintiff "can indirectly establish a causal connection to support a . . . retaliation claim by showing that the

4

protected activity was closely followed in time by the adverse [employment] action," Dickens has not provided enough information to even draw that indirect inference here. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013). Summary judgment in favor of the defendants was thus proper on the retaliation claims.

We have considered Dickens's remaining arguments and find them to be without merit.

The judgment of the district court is **AFFIRMED**.

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk